IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF IOWA
EASTERN DIVISION

| | | |
|---|---|---|
| SHAUROME TAYLOR, | ) | |
| | ) | |
| Plaintiff, | ) | No. C05-2031 EJM |
| vs. | ) | |
| | ) | |
| TYSON FRESH FOODS, INC., | ) | ORDER |
| | ) | |
| Defendant. | ) | |

This matter is before the court on plaintiff's resisted Motion to Set Aside Judgment, filed April 28, 2005, and on defendant's resisted Motion to Dismiss, filed March 21, 2005. Motion to Set Aside Judgment granted, Motion to Dismiss denied.

On March 21, 2005, defendant filed a motion to dismiss this action. On April 12, that unresisted motion was granted, and judgment was entered. Plaintiff's counsel seeks to set aside the judgment, urging that he didn't receive the motion. In support, he asserts that he listed his mailing address as 501 Sycamore St., Suite 623, Box 1235, Waterloo, Iowa, 50701 on the "Original Notice, Petition and Service," but that defendant attempted service at a different address. Defendant resists, asserting that plaintiff's counsel's representation as to listing his Sycamore St. address on the Original Notice, Petition and Service is false, and that the record shows plaintiff's counsel listed his address as 751 Progress Avenue, Box 328, Waterloo, IA, 50704. Noting no document(s) in this court's removal record captioned "Original Notice, Petition and Service," the court reserved ruling and directed both parties to supplement the record with the "Original Notice,

Petition and Service" to which they both referred.[1]  Both sides have timely filed their supplements.

Upon review of the Original Notice dated February 17, 2005, it appears that plaintiff's counsel listed his address as 501 Sycamore Street, Suite 623, Waterloo, Iowa, 50703.  However, the Civil Rights Complaint[2], filed July 6, 2004 in the Iowa District Court for Black Hawk County, shows plaintiff's counsel's address as 751 Progress Avenue, PO Box 328, Waterloo, Iowa, 50704.  On the Service of Process Transmittal Form dated February 25, 2005, plaintiff's counsel listed his address as 501 Sycamore Street, Suite 623, Waterloo, Iowa, 50703.

It appears undisputed that defendant attempted to contact plaintiff's counsel at the Progress Avenue address without success, and attempted to contact him at the phone number provided on the complaint without success.[3]  Similarly, the Clerk of this court attempted to contact plaintiff's counsel at that address and phone number without success.  While defendant apparently was unaware of the Sycamore Street address on either the Original Notice or the service of process, defendant obtained that address

---

[1] This matter was initially filed in the Iowa District Court for Black Hawk County, and was removed to this court on March 15, 2005.

[2] It appears that plaintiff's counsel's reference to a "Petition" refers to the document captioned "Civil Rights Complaint."

[3] The court notes defendant asserts that plaintiff's counsel provided no phone number on the Original Notice, as demonstrated by plaintiff's Original Notice supplied by defendant as a supplement to this record.  The Original Notice supplied by plaintiff's counsel as a supplement to this record is not identical to that supplied by defendant, and the Original Notice supplied by plaintiff does have plaintiff's counsel's phone number shown as 319-233-4405, the same number listed by plaintiff's counsel on the complaint.

2

from the Iowa Supreme Court, and on March 30, 2005, defendant served plaintiff with the motion to dismiss at the Sycamore Street address. As noted, on April 12, 2005, the motion was granted.

Noting that plaintiff's counsel's Sycamore Street address appeared on two of the three documents in question, and further noting that while plaintiff's counsel might have had actual notice of the motion to dismiss, that notice was only for a period of twelve days in advance of the court's ruling (less than the resistance period established by the Local Rules), it is the court's view that the interests of justice warrant setting the judgment aside.

Turning to defendant's Motion to Dismiss, defendant asserts that on January 12, 2005, prior to removal to this court, plaintiff's case was dismissed without prejudice by the Iowa District Court for Black Hawk County due to a failure to serve notice of the action. On February 15, 2005, that court entered an order reinstating the case. Defendant asserts that following the dismissal, the Iowa District Court was divested of jurisdiction, and therefore it had no jurisdiction to reinstate the case. Accordingly, defendant urges that this court lacks subject matter jurisdiction. Plaintiff resists, urging that he filed a motion to reinstate in the Iowa District Court (which defendant denies), and which the Iowa District Court properly granted. Plaintiff urges that a dismissal for failure to provide service is properly considered as a component of "want of prosecution," and that pursuant to IRCP 1.944, the Iowa District Court may exercise its discretion to reinstate.

Upon review, the court is satisfied that the Iowa District Court possessed the authority to reinstate the matter pursuant to IRCP 1.944. Accordingly, the Motion to Dismiss shall be denied.

As a final matter, the court has been advised by the Clerk of irregularities with plaintiff's counsel's receipt of email notification of filings, including docket #'s 9 and 10, and plaintiff's counsel's last-minute request to fax-file the instant supplement. Additionally, the court notes that defendant served their supplement, filed June 9, upon plaintiff at the Progress Avenue address. Counsel is cautioned that the court expects no further irregularities, and expects strict compliance with all rules of court.

It is therefore

ORDERED

1. Motion to Set Aside granted.

2. Motion to Dismiss denied.

June 24, 2005.

_____
Edward J. McManus, Judge
UNITED STATES DISTRICT COURT